**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Quartis Naquan Hemingway, Appellant.

Appellate Case No. 2015-001201

---

Appeal From Horry County
Michael G. Nettles, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-017
Submitted October 1, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William F. Schumacher, IV, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion."); *Neil v. Biggers*, 409 U.S. 188, 198-200 (1972) (developing a two-prong inquiry to determine the admissibility of an out-of-court identification); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) (stating an identification procedure arranged by police that "is unnecessarily suggestive and conducive to irreparable mistaken identification" may deprive a criminal defendant of due process of law); *State v. Dukes*, 404 S.C. 553, 557-58, 745 S.E.2d 137, 139 (Ct. App. 2013) ("If the court finds the identification did not result from impermissibly suggestive police procedures, the inquiry ends there and the court does not need to consider the second prong.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.